## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-01492

GREGORY LEEB,

       Plaintiff,

v.

VIRTUOSO SOURCING GROUP LLC,

       Defendant.

## COMPLAINT

### INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff Gregory Leeb ("**Plaintiff**" or "**Mr. Leeb**"), an individual consumer, against Defendant Virtuoso Sourcing Group, LLC ("**Defendant**" or the "**Debt Collector**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) in that the Defendant transacts business and has a place of business in this District.

## PARTIES

4. Plaintiff is an individual who resides in Evanston, Illinois.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Colorado Limited Liability Company.

7. The Debt Collector does business in Colorado.

8. The Debt Collector has a place of business in Colorado at 4500 Cherry Creek Drive South, Suite 300, Glendale, Colorado 80246.

9. The principal purpose of the Debt Collector in this state is the collection of debts.

10. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

11. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

12. The Debt Collector operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

13. The Debt Collector attempted to collect a financial obligation alleged to be owed by the Plaintiff that was primarily for personal, family, or household purposes in that the financial obligation arose from the provision of healthcare (the "**Debt**").

14. The Debt was assigned by the original creditor to the Debt Collector for collection after the Debt was in default.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

16. In November 2014, the Debt Collector called Plaintiff to collect the Debt.

17. In November 2014, Plaintiff sent the Debt Collector a letter (the **"First Letter"**)

18.     The First Letter informed the Debt Collector that Plaintiff no longer wanted the Debt Collector to call him regarding the Debt.

19.     Before June 4, 2015, the Debt Collector knew that Plaintiff did not want further communication for the Debt Collector regarding the Debt.

20.     On or about June 4, 2015, the Debt Collector twice called the Plaintiff at his home phone number.

21.     Before June 5, 2015, the Debt Collector knew that Plaintiff did not want further communication by the Debt Collector regarding the Debt.

22.     On or about June 5, 2015, Plaintiff received a call from the Debt Collector at his home phone number (the **"First Call"**).

23.     During the First Call, Plaintiff told the Debt Collector that he no longer wanted the Debt Collector to contact him at his home phone number.

24.     On or about June 5, 2015, the Debt Collector knew or should have known that calling the Plaintiff at his home phone number was inconvenient.

25.     On or about June 8, 2015, despite telling the Debt Collector not to call him at his home phone number, Plaintiff received three more calls from the Debt Collector at his home phone number.

26.     On or about June 9, 2015, the Debt Collector again called Plaintiff at his home phone number.

27.     On or about June 9, 2015, Plaintiff called the Debt Collector back (the **"Second Call"**).

28.     During the Second Call, Plaintiff again told the Debt Collector not to call him at his home phone number.

29.     During the Second Call, the Debt Collector told Plaintiff that his home phone number would be removed from the Debt Collector's list.

30. On or about June 9, 2015, the Debt Collector knew or should have known that calling the Plaintiff's home phone number was inconvenient.

31. On or about June 10, 2015, the Debt Collector called Plaintiff two more times at his home phone number.

32. On or about June 12, 2015, Plaintiff sent a certified letter (the **"Second Letter"**) to the Debt Collector.

33. On or about June 12, 2015, Plaintiff also faxed the Second Letter to the Debt Collector.

34. The Second Letter informed the Debt Collector that Plaintiff is represented by counsel, and that Plaintiff did not want the Debt Collector to call him.

35. The Second Letter further advised that the Debt Collector's future communications should be directed to Plaintiff's counsel.

36. On or about June 12, 2015, the Second Letter was received by the Debt Collector via fax transmission.

37. On or about June 12, 2015, the Debt Collector knew or should have known that Plaintiff was represented by counsel.

38. On or about June 20, 2015, the Second Letter was received by the Debt Collector via certified mail.

39. On or about June 20, 2015, the Debt Collector knew of should have known that Plaintiff was represented by counsel.

40. On June 22, 2015, Plaintiff received another call from the Debt Collector at his home phone number.

41. Plaintiff did not pick up this call.

42. Plaintiff did not recognize the phone number.

43. On June 22, 2015, Plaintiff called the phone number (the **"Third Call"**).

44. During the Third Call, Plaintiff learned that the phone number belonged to the Debt Collector.

45. The phone number in the Third Call was different from the Debt Collector's phone numbers in the First and Second Call.

46. On June 22, 2015, despite receiving the Second Letter, the Debt Collector again communicated with Plaintiff regarding the Debt.

### Respondeat Superior Liability

47. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

48. The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

49. The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

50. The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

51. By committing these acts and omissions against the Plaintiff, the agent was motivated to benefit its principal, the Debt Collector.

52. The Debt Collector is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

### <u>COUNT I</u>
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

53. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

54. 15 U.S.C. § 1692c(a)(1) prohibits a debt collector from contacting a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

55. The Debt Collector violated 15 U.S.C. § 1692c(a)(1) by:
    A. calling the Plaintiff on his home phone number on June 4, 2015;
    B. calling the Plaintiff on his home phone number on June 5, 2015;
    C. calling the Plaintiff on his home phone number three times on June 8, 2015;
    D. calling the Plaintiff on his home phone number twice on June 10, 2015; and
    E. calling the Plaintiff on his home phone number on June 22, 2015.

56. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

57. The Debt Collector violated 15 U.S.C. § 1692c(a)(2) by calling the Plaintiff on June 22, 2015, when the Debt Collector knew that Plaintiff was represented by an attorney with regard to the Debt.

58. 15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer if the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

59. The Debt Collector violated 15 U.S.C. § 1692c(c) by:
    A. calling the Plaintiff on his home phone number on June 4, 2015;

      B. calling the Plaintiff on his home phone number on June 5, 2015;

      C. calling the Plaintiff on his home phone number three times on June 8, 2015;

      D. calling the Plaintiff on his home phone number twice on June 10, 2015;

      E. calling the Plaintiff on his home phone number on June 22, 2015;

      F. communicating with the Plaintiff during the First Call;

      G. communicating with the Plaintiff during the Second Call; and

      H. communicating with the client during the Third Call.

60.   15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

61.   The Debt Collector violated 15 U.S.C. § 1692d by:

      A. calling the Plaintiff on his home phone number on June 4, 2015;

      B. calling the Plaintiff on his home phone number on June 5, 2015;

      C. calling the Plaintiff on his home phone number three times on June 8, 2015;

      D. calling the Plaintiff on his home phone number twice on June 10, 2015;

      E. calling the Plaintiff on his home phone number on June 22, 2015;

      F. communicating with the Plaintiff during the First Call;

      G. communicating with the Plaintiff during the Second Call; and

      H. communicating with the client during the Third Call.

62.   15 U.S.C. § 1692d(5) prohibits a debt collector from causing a telephone to ring with the intent to annoy, abuse, or harass any person at the called number.

63.   The Debt Collector violated 15 U.S.C. § 1692d(5) by:

      A. calling the Plaintiff on his home phone number on June 4, 2015;

      B. calling the Plaintiff on his home phone number on June 5, 2015;

      C. calling the Plaintiff on his home phone number three times on June 8, 2015;

    D.   calling the Plaintiff on his home phone number twice on June 10, 2015; and

    E.   calling the Plaintiff on his home phone number on June 22, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gregory Leeb prays for relief and judgment, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff Gregory Leeb is entitled to and hereby demands a trial by jury.

Dated: July 14, 2015

    Respectfully submitted,

    /s/ Ahson B. Wali
    Daniel J. Vedra
    Ahson B. Wali
    Vedra Wali LLC
    1435 Larimer St. Suite 302
    Denver, CO 80202
    Phone: (303) 937-6540
    Fax: (303) 937-6547
    Email: daniel.vedra@vwfirm.com
          ahson.wali@vwfirm.com